service was made by publication, such service was only effected by the publication, and as the defendant (under a provision of the act, the same as section 32 of our Code), had forty days to answer "after the service of the summons," he was entitled to forty days after the lapse of the period of publication.

This rule is not changed by the third clause of section 150 of the Code.

A default could not, therefore, have been properly taken against the plaintiff in error in this case for a failure to answer before the 30th day of May, 1881, and the rendition of the judgment against him on the 27th of April, was unauthorized, and must be reversed.

There are other errors apparent in the record, but as the want of jurisdiction above pointed out is fatal to the judgment, we need not discuss the others.                         *Judgment reversed.*

*A. A. Bradford*, attorney for plaintiff.

*Patton & Urmy*, attorneys for defendant.

---

## SCHLEIER *v.* LEUDEKE.

*(Supreme Court of Colorado, April Term, 1882—Appeal from the District Court of Arapahoe County.)*

1. VERDICT AGAINST EVIDENCE.  When the testimony is conflicting, and the verdict is not manifestly against the weight of evidence, the verdict will not be disturbed.

ELBERT, C. J.  We are asked to reverse the judgment of the Court below on the ground that it is not supported by the evidence.

We have had frequent occasion to lay down the rule that when the testimony is conflicting, and the verdict is not manifestly against the weight of evidence, the verdict will not be disturbed.  *Barker* v. *Hawley*, 4 Colo., 327, and cases cited.

In this case there was a conflict of testimony touching the memoranda signed by appellee.  The appellant testified that it referred to the plans, specifications and superintendence of the Tribune building.  The appellee testified that it referred to a building to be erected on Arapahoe Street.  Neither was supported by other testimony.

We see no grounds for saying that the jury should have given credit to the appellant rather than to the appellee.

The case of *Walling* v. *Warren*, 2 Colo., 434, was similar in its facts, and the Court refused to disturb the verdict.

The judgment of the Court below is affirmed, with costs.

---

## FILLMORE *v.* RUSSELL.

(*Supreme Court of Colorado, April Term, 1882—Error to District Court of Arapahoe County.*)

1. INFANT APPEARANCE.   Under the provisions of the Code of Civil Procedure, where an infant defendant is fourteen years of age, personal service upon him alone is sufficient.   Where such minor appears in the action by next friend, it is not necessary to appoint a guardian *ad litem.* ·

STONE, J.   The defendant in error, Russell, was plaintiff in the suit below.   The first count in the complaint alleges an indebtedness for necessaries, upon an account stated between plaintiff and defendant, by and through the guardian of the defendant Fillmore, and avers that one Patterson is the legal guardian of said defendant.

The second count charges the indebtedness for tuition, books, boarding, etc., at defendant's request, and at the request of his legal guardian.

The third count is for goods sold and delivered, and for money paid for use of defendant, at his request, and that of such guardian.

Summons was served upon the defendant personally, but not upon the guardian.

The defendant appeared by J. F. Welborn, his attorney, and demurred to the complaint upon the grounds, first, that it does not state the place where the contract sued on was made; second, that it shows that defendant is a minor with a legal guardian, and does not show that the contract was made, and the alleged necessaries furnished by order and direction of the Probate Court.

The record recites that afterwards the parties appeared, the plaintiff by S. E. Browne, his attorney, and the defendant "by J. F. Welborn, his next friend and attorney," and the demurrer coming on to be heard, was overruled.

Thereupon, afterwards, no plea or answer having been filed by defendant, a default was taken, and judgment entered for plaintiff.